| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

DOMINIQUE ARMONT and LENRON § 
BROWN, §
 §
　　　　Plaintiffs, §
 §
*versus* §　CIVIL ACTION NO. 1:21-CV-365
 §
SHANTEL DEMETRIUS HARRELL, §
WYNNE TRANSPORTATION, LLC, §
JAMIE VEGA, and RANGER ENERGY §
SERVICES, LLC, §
 §
　　　　Defendants. §

## MEMORANDUM AND ORDER

Pending before the court is Defendants Ranger Energy Services, LLC ("Ranger Energy") and Jamie Vega's ("Vega") (collectively, "Ranger Defendants") Motion to Strike/Exclude Expert Elizabeth Jensen, Ph.D., P.E. ("Dr. Jensen") (#59), wherein the Ranger Defendants contend that "Dr. Jensen should be struck because her report was untimely produced," or "because her findings/opinions are not admissible." Plaintiffs Dominique Armont and Lenron Brown (collectively, "Plaintiffs") "have no position on the merits of the motion,"[1] but have filed a Memorandum in Response (#60). In addition, while Defendants Wynne Transportation, LLC ("Wynne Transportation"), and Shantel Demetrius Harrell ("Harrell") (collectively, "Wynne Defendants") indicated their opposition to this motion upon its filing,[2] the Wynne Defendants did not file a timely response. One week after the Wynne Defendants' response was due, they filed

---

[1] This is the position stated in the certificate of conference in the Ranger Defendants' motion.

[2] The certificate of conference in the Ranger Defendants' motion also states that the "Wynne Defendants are opposed to said motion."

a Motion for Leave to Respond Late (#65), to which the Ranger Defendants filed a Response (#68) in opposition. Further, the Wynne Defendants also filed a Motion for Leave to file Cross-Claim (#62). Subsequently, the Ranger Defendants again filed a Response (#67) in opposition as well as a Motion for Extension of Time to File Motion to Strike (#69). Having considered the pending motions, the parties' submissions, and the applicable law, the court is of the opinion that the Ranger Defendants' motion should be granted and the Wynne Defendants' motions should be denied.

I.   Background

Plaintiffs' claims arise from a collision that occurred on Interstate 10 in Jefferson County, Texas. Plaintiffs, both of whom are legally blind, were passengers aboard a FlixBus motorcoach owned by Wynne Transportation. While traveling through a construction zone, the motorcoach collided with a workover rig owned by Ranger Energy. As a result, Plaintiffs suffered injuries and, shortly thereafter, initiated this lawsuit.

As set forth in the Third Amended Scheduling Order (#42), the expert-designation deadline for both defendants in this case was March 17, 2023. That same day, the Wynne Defendants designated Dr. Jensen as their retained accident reconstructionist. Upon the Wynne Defendants' designation, the only document provided was Dr. Jensen's curriculum vitae, and, although the scheduling order states that the "disclosure must be accompanied by a written report," no report was provided. FED. R. CIV. P. 26(a)(2). Indeed, the Wynne Defendants did not produce Dr. Jensen's initial report until May 5, 2023—seven weeks after their expert-designation deadline and

four days after the parties' discovery deadline.³  Soon thereafter, on May 16, 2023, the parties' motions deadline passed, and on May 22, 2023, the Ranger Defendants sought to file an out-of-time motion to strike or exclude, which this court granted by Order dated July 12, 2023 (#58).  The Ranger Defendants now request that the court strike Dr. Jensen's report and exclude her from testifying because her report was untimely produced and her findings and opinions are not admissible.

II.   Analysis

    A.   The Wynne Defendants' Motion for Leave to Respond Late (#65)

The United States Court of Appeals for the Fifth Circuit recognizes that under Federal Rule of Civil Procedure 6(b), district courts have "broad discretion" to extend filing deadlines.  *World Fuel Servs. Sing. PTE v. M/V AS Varesia*, 727 F. App'x 811, 815 (5th Cir. 2018); *United States ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275-76 (5th Cir. 2015); *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995).  A district court may for good cause extend the time "on [a] motion made after the time has expired if the party failed to act because of excusable neglect."  FED. R .CIV. P. 6(b)(1)(B).  To determine whether a party's neglect was "excusable," the court considers the following factors:  "(1) the possibility of prejudice to the other parties; (2) the length of the applicant's delay and its impact on the proceeding; (3) the reason for the delay and whether it was within the control of the movant; and (4) whether the movant has acted in good faith."  *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012) (quoting 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165) (3d ed. 1998)); *accord In re Neurology & Neurophysiology Assocs., P.A.*, 628 F. App'x 248, 251 (5th

---

³ The Ranger Defendants contend that they did not receive Dr. Jensen's initial report until May 8, 2023.

Cir. 2015); *PHI Health, LLC v. WFAS, Inc.*, No. 7:20-CV-00196, 2021 WL 4146345, at *1 (S.D. Tex. Sept. 13, 2021). Additionally, "[e]ven if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir.) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894-98 (1990)), *cert. denied*, 562 U.S. 1046 (2010).

The Wynne Defendants argue that the responsibility for their failure to respond timely to the Ranger Defendants' motion to strike rests with one of their multiple lawyers. Specifically, the Wynne Defendants state that counsel "handling this case . . . had prepared an application to appear pro hac vice, but her documentation had simply been overlooked and ha[d] not . . . been filed."[4] As a result, that particular lawyer "did not receive notice of the Ranger Defendants' Motion to Strike in a timely fashion," and the Wynne Defendants contend that their failure to respond in a timely manner "was inadvertent and caused by the staffing changes at offices of [the Wynne] Defendants' counsel." The Wynne Defendants then assert that the Ranger Defendants will not suffer prejudice because they have been aware of Dr. Jensen's designation as well as "the Wynne Defendants' opposition to their Motion to Strike, for months." The Wynne Defendants do not address the factors of length of delay or good faith.

The Ranger Defendants contend that "permitting Wynne Defendants to file a late response will simply continue the course of prejudice suffered by Ranger Defendants that started with Dr. Jensen's untimely expert report." They maintain that "[i]n terms of the length of delay and the impact of permitting Wynne Defendants to respond," a "continuance will be necessary, along with

---

[4] The attorney whom the Wynne Defendants contend was "handling this case" filed her Notice of Appearance (#63) on August 8, 2023.

another scheduling order permitting additional discovery"—resulting in a further delay of the trial. As to the reason for the delay, the Ranger Defendants assert that "there is not much of a reason provided in [the Wynne Defendants'] motion for leave," as "[t]he indicated 'staffing changes' are not explained." Further, they argue that inadvertence alone does not constitute excusable neglect.

Significantly, as the Ranger Defendants point out, the CM/ECF system clearly indicates that (prior to the attorney who was "handling the case" filed her notice of appearance) the Wynne Defendants had four lawyers listed as "attorney[s] to be noticed." Thus, each of these lawyers was served with the Ranger Defendants' motion to strike.[5] The Wynne Defendants have provided no explanation as to why these four lawyers were unaware of the deadline to respond.[6] One lawyer's failing to file an application to appear pro hac vice because it was "overlooked" does not sufficiently justify the Wynne Defendants' failure to respond—much less excuse lawyers who had already appeared in this case from their own obligation to respond to motions filed in the case. Counsel has a responsibility to make himself or herself aware of what is filed on the dockets of the cases in which he or she appears. *See Ibieta v. Allstate Fire & Cas. Ins. Co.*, No. 5-19-CV-00389-FB-RBF, 2020 WL 3248973, at *4 (W.D. Tex. June 16, 2020) ("[C]ounsel is responsible for 'routinely checking the docket for activity, regardless of whether [s]he received electronic notices about updates.'" (quoting *Walker v. Transfrontera CV de SA*, 634 F. App'x 422, 426 (5th

---

[5] Under the Local Rules of the Eastern District of Texas, attorneys are responsible for updating their CM/ECF account information. For instance, "[a]fter registration, attorneys are required to maintain their own account information, including changes in e-mail address. Documents sent from the court will be deemed delivered if sent to the last known e-mail address given to the court." Local Rule CV-5(a)(2)(A). Additionally, once a lead attorney has been designated, "[t]he lead attorney is responsible in that action for the party." Local Rule CV-11(a)(1)-(2).

[6] "Attorneys may withdraw from a case only by motion and order under conditions imposed by the court." Local Rule CV-11(c).

Cir. 2015))); *accord In re Kollinger*, 551 F. App'x 104, 107 (5th Cir. 2013) (counsel has "a duty of diligence to inquire about the status of a case").

At bottom, the court finds that the above factors weigh against a finding that the Wynne Defendants' neglect was excusable. The Wynne Defendants' explanation as to their reason for the seven-week delay is lacking, and they fail to address adequately whether they have acted in good faith, the length of the delay, and its impact on the case.[7] Thus, the court is of the opinion that the Wynne Defendants' motion for leave should be denied.

      B.      <u>The Ranger Defendants' Motion to Strike/Exclude Dr. Jensen (#59)</u>

Federal Rule of Civil Procedure 26(a)(2)(A) requires the disclosure of the identity of expert witnesses prior to trial. Specifically, the rule provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." FED. R. CIV. P. 26(a)(2)(A). In addition, to eliminate unfair surprise, the rules require the parties to disclose simultaneously the substance of anticipated expert opinion testimony and the basis of such opinions. *Payne v. Brayton*, No. 4:15-CV-00809, 2017 WL 194210, at *2 (E.D. Tex. Jan. 18, 2017); *BCC Merch. Sols., Inc. v. JetPay, LLC*, No. 3:12-CV-5185-B, 2016 WL 3264283, at *5 (N.D. Tex. Feb. 19, 2016). Accordingly, Rule 26(a)(2)(B) states that "[u]nless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one

---

[7] While neither party persuasively addresses the prejudice factor, in light of the deficiencies in the Wynne Defendants' motion, that prong does not significantly move the needle.

retained or specially employed to provide expert testimony in the case."[8] FED. R. CIV. P. 26(a)(2)(B).

"An expert's report must be 'detailed and complete' in order to 'avoid the disclosure of sketchy and vague expert information.'" *Brumley v. Pfizer, Inc.*, 200 F.R.D. 596, 603 (S.D. Tex. 2001) (quoting *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir.), *cert. denied*, 519 U.S. 811 (1996)); *see Honey-Love v. United States*, 664 F. App'x 358, 361 (5th Cir. 2016) (citing FED. R. CIV. P. 26 advisory committee's note to 1993 amendment), *cert. denied*, 580 U.S. 1199. A party's "[i]nitial expert disclosures are expected to be "full and complete." *Koenig v. Beekmans*, No. 515CV00822RCLRBF, 2018 WL 297616, at *3 (W.D. Tex. Jan. 4, 2018) (quoting *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 371 (5th Cir. 2016)). "Preliminary reports do not satisfy the express terms of Rule 26." *United States ex rel. DeKort v. Integrated Coast Guard Sys.*, No. 3:06-CV-1792-O, 2010 WL 11614901, at *3 (N.D. Tex. Mar. 25, 2010) (quoting *Brumley*, 200 F.R.D. at 603).

In conjunction with these requirements, Rule 26(a)(2)(D) mandates that such expert disclosures be made "at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D); *see BCC Merch. Sols., Inc.*, 2016 WL 3264283, at *5.[9] "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use

---

[8] Rule 26(a)(2)(B) further mandates that the report "contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." FED. R. CIV. P. 26(a)(2)(B).

[9] A scheduling order, once entered, should be modified only for good cause. FED. R. CIV. P. 16(b)(4).

the information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). To determine "whether a violation of Rule 26 is harmless or substantially justified, courts consider: '(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.'" *Seilham v. Commonwealth Land Title Ins. Co.*, 360 F. Supp. 3d 412, 421 (E.D. La. 2018) (quoting *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003)); *see In re Complaint of C.F. Bean L.L.C.*, 841 F.3d at 369 (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

In their response to the Ranger Defendants' motion, Plaintiffs noted that the "Wynne Defendants must show their failure to disclose Dr. Jensen's report was substantially justified or is harmless," and clarified that they "do not take a position" on the issue, "as Plaintiffs are unaware of Wynne Defendants' justifications, if any." Significantly, however, the Wynne Defendants have again failed to respond to the motion filed by the Ranger Defendants and have thus advanced no argument that their failure to provide Dr. Jensen's report when due on March 17, 2023, was either substantially justified or harmless.[10] Despite their neglect, the court must evaluate whether it should exclude Dr. Jensen as a witness and strike her report.

---

[10] The Wynne Defendants have repeatedly neglected to respond to motions filed in this action in a timely manner. For example, they responded to Plaintiffs' Motion for Sanctions (#43) (in which Plaintiffs requested that sanctions be imposed due to Harrell's failure to appear for a deposition) nearly one month after it was filed—well past the date that such a response was due. On the parties' motions deadline, the Ranger Defendants filed a Motion for Summary Judgment (#51), wherein they contend "that Ranger Defendants did not cause the subject accident." While Plaintiffs responded to the Ranger Defendants' motion (#57), the Wynne Defendants have not been so inclined. Soon thereafter, the Ranger Defendants filed their Motion for Extension of Time (#55) to which the Wynne Defendants were again silent—until filing their motion for leave days later.

First, as to the importance of the evidence, Dr. Jensen would provide expert testimony regarding the causes of the collision. Such testimony is significant, particularly when it calls the Ranger Defendants' conduct into question.[11] As Plaintiffs point out in their response, however, albeit for a different proposition,[12] similar testimony may be available to the Wynne Defendants—diminishing the importance of Dr. Jensen's testimony. *See* FED. R. EVID. 804(b)(1). Nonetheless, the Wynne Defendants have failed to provide any argument addressing the importance of Dr. Jensen's testimony. *See Cont'l Cas. Co. v. F–Star Prop. Mgmt., Inc.*, No. 10–CV–102, 2011 WL 2887457, at *7 (W.D. Tex. July 15, 2011) (finding that defendant's failure to indicate the importance of non-retained experts' testimony or explain its non-disclosure of the required information weighs in favor of exclusion). Further, even assuming that Dr. Jensen's testimony is of substantial significance, "the importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 (5th Cir. 2007) (citing *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996)).

Second, the Ranger Defendants assert that allowing Dr. Jensen's testimony would be "extremely prejudicial" to them. They state that "Dr. Jensen, apparently disregarding all evidence to the contrary, opines that the entirety of the accident was caused by Ranger Defendants," and

---

[11] Although the Ranger Defendants contend that "the testimony of Dr. Jensen is not important because . . . her findings and opinions are flawed, unreliable, and irrelevant," because the court is of the opinion that Dr. Jensen and her report should be excluded due to the Wynne Defendants' failure to provide the requisite expert report in a timely fashion, the court need not reach the question of reliability.

[12] Plaintiffs contend that the Ranger Defendants are misguided in their assertion that Dr. Jensen's testimony is unreliable. They assert that Dr. Jensen correctly relies on Harrell's testimony because it is admissible in this proceeding if offered against the Ranger Defendants and, thus, Dr. Jensen did not rely only on hearsay statements. *See* FED. R. EVID. 804(b)(1).

"because the expert and discovery deadlines have long passed," they "have little to refute" the testimony.[13] To be sure, admitting Dr. Jensen's report and allowing her to testify would significantly prejudice the Ranger Defendants, as she attributes all fault in the incident to them. The Wynne Defendants submitted Dr. Jensen's report after the close of discovery, leaving the Ranger Defendants no "opportunity to examine and rebut" her opinions. *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d at 373. To depose and rebut Dr. Jensen adequately "would cost substantial time and expense" to the Ranger Defendants. *Id*. Thus, the prejudice to the Ranger Defendants weighs in favor of striking Dr. Jensen's report and excluding her as a witness.

Third, as for the availability of a continuance, the court acknowledges that "a continuance is the preferred means of dealing with a party's attempt to designate a witness out of time." *Betzel*, 480 F.3d at 709 (quoting *Campbell v. Keystone Aerial Survs., Inc.*, 138 F.3d 996, 1001 (5th Cir. 1998)); *see In re Complaint of C.F. Bean L.L.C.*, 841 F.3d at 373. In this instance, however, such a remedy is not appropriate. This case was filed more than two years ago. The initial scheduling order, entered in December 2021, set the defendants' expert-designation deadline for June 24, 2022. The parties' scheduling order was then amended three times during the pendency of this case—in March, August, and November of 2022. While the court notes that the parties have been unsuccessful in securing Harrell's deposition in the present action, the parties have been aware of this issue since at least October 2022. In fact, the last amendment to the parties' scheduling order occurred after these difficulties were evident. Under the current scheduling order, discovery has ceased, the motion cut-off deadline has passed, and the parties'

---

[13] The Ranger Defendants also note that, even after the Wynne Defendants' delay in providing Dr. Jensen's report, they "did not produce certain information required by the rules, such as exhibits, testimony list, compensation report, etc."

joint pretrial order is due soon. No time remains for further discovery or for the Ranger Defendants to adjust their trial strategy to address Dr. Jensen's report, and any continuance would result in increased cost and delay. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). Furthermore, "the mere possibility that the case might be continued presents an insufficient basis for allowing a late-designated witness, . . . particularly where the offending party has previously violated the scheduling order or where the court has already continued deadlines." *Lucero v. Federated Mut. Ins. Co.*, No. 2:20-CV-207-Z-BQ, 2023 WL 2287240, at *11 (N.D. Tex. Feb. 10, 2023) (internal quotations and citations omitted), *adopted sub nom. Lucero v. Caterpillar Inc.*, No. 2:20-CV-207-Z-BQ, 2023 WL 2290780 (N.D. Tex. Feb. 28, 2023); *see State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, No. 3:16-CV-2255-L, 2019 WL 1436659, at *26 (N.D. Tex. Mar. 31, 2019) (finding that a continuance was not a "viable option" where the court had previously continued the trial date multiple times).

Finally, the Wynne Defendants have proffered no explanation for their failure to provide Dr. Jensen's report in a timely manner. In the absence of any mitigating excuse for the delay, this factor militates against the admission of Dr. Jensen's testimony. *See Betzel*, 480 F.3d at 707 (citing *1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1289 (5th Cir. 1991)). Significantly, the "[e]xclusion of expert witnesses 'is particularly appropriate' where the party has 'failed to provide an adequate explanation for their failure to identify their expert within the designated timetable.'" *Guidroz v. Sullivan's Grocery*, No. CV 19-13905, 2021 WL 1186999, at *2 (E.D. La. Mar. 30, 2021) (quoting *Betzel*, 480 F.3d at 707).

In sum, considering the potential disruption of the court's scheduling order, which has already been adjusted three times to accommodate the parties' requests, the Wynne Defendants'

11

failure to provide any explanation for the delay, and the prejudice to the Ranger Defendants, the court is of the opinion that the Wynne Defendants' untimely provision of Dr. Jensen's report should not stand. All the relevant factors weigh in favor of excluding Dr. Jensen's testimony and striking her report.[14]

    C.    <u>The Wynne Defendants' Motion for Leave to File Cross-Claim (#62)</u>

Federal Rule of Civil Procedure "16(b) governs amendment of pleadings after a scheduling order deadline has expired." *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 734 (5th Cir. 2018) (quoting *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)); *Bometals, Inc. v. Ray's Threading & Fabrication, LLC*, No. 3:22-CV-445-L, 2022 WL 19404003, at *1 (N.D. Tex. Sept. 9, 2022). Because the Wynne Defendants seek to amend their pleadings to assert cross-claims against the Ranger Defendants after the deadline set forth in the scheduling order has passed, the court will apply the Rule 16(b) standard. *See, e.g.*, *Innova Hosp. San Antonio, Ltd. P'ship*, 892 F.3d at 734; *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013); *Bometals, Inc.*, 2022 WL 19404003, at *1. Rule 16(b) states that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Only when the movant demonstrates the requisite "good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Innova Hosp. San Antonio, Ltd. P'ship*, 892 F.3d at 734-35 (quoting *S&W Enters., L.L.C.*, 315 F.3d at 536); *Filgueira*, 734 F.3d at 420; *Bometals, Inc.*, 2022 WL 19404003, at *1.

---

[14] Thus, because the court finds that the Wynne Defendants' violation of Rule 26 is not harmless or substantially justified, the court need not reach the Ranger Defendants' alternative argument that Dr. Jensen's findings and opinions are not admissible.

Rule 16(b)'s "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C.*, 315 F.3d at 535 (internal quotation marks omitted); *accord Squyres v. Heico Cos. L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015); *Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009). In evaluating whether a movant has demonstrated good cause, the Fifth Circuit employs a four-part test. *See Filgueira*, 734 F.3d at 422; *S&W Enters., L.L.C.*, 315 F.3d at 536. The court considers: "(1) the explanation for the failure to timely move for leave to amend, (2) the importance of the amendment, (3) the potential prejudice the other party would suffer if the amendment was allowed, and (4) the availability of a continuance to cure that prejudice." *Innova Hosp. San Antonio, Ltd. P'ship*, 892 F.3d at 734-35 (quoting *S&W Enters., L.L.C.*, 315 F.3d at 536); *Filgueira*, 734 F.3d at 420; *Bometals, Inc.*, 2022 WL 19404003, at *1.

Here, the Wynne Defendants' cross-claims are remarkably belated. The parties' deadline to amend their pleadings passed on April 1, 2022. In their motion for leave, the Wynne Defendants do not address the factors set forth in the four-part test noted above; in fact, they do not even cite Rule 16(b) or Rule 15(a).[15] Nonetheless, as to their explanation for the untimely filing, the Wynne Defendants state only that their expert's "opinions and findings form the basis" of their cross-claims "and are the reason [they] now seek leave." As the Ranger Defendants point out, however, the Wynne Defendants produced Dr. Jensen's report several months late—after the discovery deadline had passed. Moreover, the Wynne Defendants do not allege that they were

---

[15] In fact, the Wynne Defendants cite the Texas Rules of Civil Procedure in their motion for leave. Such rules, however, provide them no aid in this court.

unaware of the grounds on which they now assert cross-claims prior to their untimely disclosure of Dr. Jensen's report and well prior to August 8, 2023, the date their motion for leave to file cross-claim was filed. Significantly, the Ranger Defendants contend that the Wynne Defendants' awareness of the ostensible support for their cross-claims must have occurred nearly three years ago. They assert that the "Wynne Defendants, and their counsel, had notice that . . . Harrell alleged that Ranger Defendants were the cause of the accident years ago." The Ranger Defendants base this contention on the fact that the "Wynne Defendants' counsel was present at" Harrell's deposition—which related to a state court lawsuit that arose from the same underlying facts as this action—and during her deposition, "Harrell took the position that she was without fault and . . . Vega caused the accident." In the Ranger Defendants' view, the Wynne Defendants could have filed their cross-claims at the outset of this lawsuit. The court agrees. Under any scenario, it appears that the Wynne Defendants had ample time prior to the expiration of the amendment deadline to assert cross-claims against the Ranger Defendants. *See Filgueira*, 734 F.3d at 423. In any event, the Wynne Defendants have not provided an adequate explanation for their delay and, thus, this factor weighs against granting leave to amend. *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (affirming denial of amendment where discovery had closed and the deadline for amendment had passed, as the movant "was aware of the [fact] that forms the basis of its proposed amendment months in advance of the deadline and [did] not offer a satisfactory explanation for its delay in seeking leave to amend"); *see also Lewis v. Frense*, 252 F.3d 352, 360 (5th Cir. 2001) ("Undue delay justifies a district court's decision to deny leave to amend [pleadings].").

The importance of the amendment is the only factor that potentially weighs in the Wynne Defendants' favor. While disallowing their cross-claims will result in their negligence claims against the Ranger Defendants being time-barred, the Wynne Defendants' apparent lack of diligence in asserting these claims, despite their apparent knowledge of the underlying support for such claims, undercuts the significance of the amendment in this situation.

Moreover, similar to the analysis regarding the Ranger Defendants' motion to strike, here, the factors regarding prejudice and the availability of a continuance weigh against allowing the Wynne Defendants leave to assert their cross-claims. Allowing the Wynne Defendants to assert cross-claims at this juncture would significantly prejudice the Ranger Defendants. *See Fulford v. Lowe's Home Ctrs., L.L.C.*, 811 F. App'x 240, 244 (5th Cir. 2020) (finding that it would be "highly prejudicial" to the defendant to allow the plaintiff to amend her pleadings after eight months had elapsed between the deadline for filing amended pleadings and plaintiff's motions to amend). At this point, discovery is closed, the motions deadline has lapsed, and the parties' trial date is looming. Thus, without delaying the resolution of this matter, the Ranger Defendants would be unable to engage in discovery relating to the Wynne Defendants' cross-claims or file a motion in response. In addition, a continuance would only further delay this proceeding, which has been delayed many times already. *See Escamilla*, 2020 WL 3025461, at *8 ("District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997))).

In short, the above factors weigh against allowing the Wynne Defendants leave to file their cross-claims. Therefore, the Wynne Defendants have failed to show good cause for their proposed amendment, as required by Rule 16(b), and it should be disallowed.

III.    Conclusion

Accordingly, the Wynne Defendants' Motion for Leave to Respond Late (#65) is DENIED. The Ranger Defendants' Motion to Strike/Exclude Expert Dr. Jensen (#59) is GRANTED. Thus, the court will not permit Dr. Jensen to offer expert testimony during the trial of this case, and her report is stricken from the record. In addition, the Wynne Defendants' Motion for Leave to File Cross-Claim (#62) is DENIED. Finally, the Ranger Defendants' Motion for Extension of Time to File Motion to Strike (#69) is DENIED as moot.[16]

---

[16] In their motion for extension, the Ranger Defendants contend that the Wynne Defendants erred by filing their untimely response to the Ranger Defendants' motion to strike "without the Court formally ruling on" the Wynne Defendants' motion for leave to file such a response. As a result, the Ranger Defendants believe that their time to reply to the Wynne Defendants' response expired seven days after it was filed. The Ranger Defendants then assert that one of the court's docketing clerks created this "confusing situation," ostensibly by informing the Wynne Defendants of Local Rule CV-7(k). At any rate, this situation is far from confusing. The court's Local Rules obviate the Ranger Defendants' concerns. The Wynne Defendants acted properly in filing their response directly after filing their motion for leave. Local Rule CV-7(k) states that "[m]otions for leave to file a document should be filed separately and immediately before the document for which leave is sought." Local Rule CV-7(k). In other words, when leave is sought, a party should file a motion for leave and then file the document for which leave is sought shortly thereafter—the document for which leave is sought need not be filed only as an exhibit to the motion for leave. Then, if the court grants the party's motion for leave, although the document for which the party sought leave "will be deemed to have been filed as of the original date of its filing," "[t]he time for filing any responsive documents will run from the date of the order on the motion for leave." Local Rule CV-7(k). Accordingly, the Ranger Defendants' time to reply never began to run. In addition, with respect to the Ranger Defendants' complaint about the court's docketing clerk's purported action, Local Rule CV-10(d) states that "[t]he clerk shall monitor documents for compliance with the federal and local rules as to format and form." Local Rule CV-10(d). When the form of a document sought to be filed is deficient (for example, if it fails to comply with Local Rule CV-7(k)), "the clerk shall immediately notify counsel, who should be given a reasonable opportunity, preferably within one day, to cure the perceived defect." Local Rule CV-10(d). Nonetheless, the Ranger Defendants' motion for extension, while unnecessary, is now moot.

      SIGNED at Beaumont, Texas, this 1st day of October, 2023.

                                                                                 *Marcia A. Crone*

                                                                        MARCIA A. CRONE
                                                             UNITED STATES DISTRICT JUDGE