UNITED STATES DISTRICT COURT        EASTERN DISTRICT OF TEXAS

DOMINIQUE ARMONT and LENRON    §
BROWN,                         §
                               §
           Plaintiffs,         §
                               §
versus                         §    CIVIL ACTION NO. 1:21-CV-365
                               §
SHANTEL DEMETRIUS HARRELL,     §
WYNNE TRANSPORTATION, LLC,     §
JAMIE VEGA, and RANGER ENERGY  §
SERVICES, LLC,                 §
                               §
           Defendants.         §

## MEMORANDUM AND ORDER

Pending before the court is Defendants Jamie Vega ("Vega") and Ranger Energy Services, LLC's ("Ranger Energy") (collectively, "Ranger Defendants") First Amended Motion for Summary Judgment (#73). Plaintiffs Dominique Armont ("Armont") and Lenron Brown ("Brown") (collectively, "Plaintiffs") filed a response (#74) in opposition, and the Ranger Defendants filed a reply (#75). Defendants Wynne Transportation, LLC ("Wynne Transportation"), and Shantel Demetrius Harrell ("Harrell") (collectively, "Wynne Defendants"), however, did not file a response. Having considered the pending motion, the parties' submissions, the record, and the applicable law, the court is of the opinion that the Ranger Defendants' motion should be denied.

I.    Background

Plaintiffs' claims arise from a collision that occurred on July 16, 2019, on Interstate 10 between a Van Hool motorcoach and a National Oilwell Varco workover rig. Plaintiffs, both of whom are legally blind, were passengers aboard the motorcoach, which was owned by Wynne

Transportation and driven by Harrell.  The workover rig[1] was driven by Vega and owned by Ranger Energy.

Viewing the facts in the light most favorable to Plaintiffs, the events of July 16 took place as follows.  Both the motorcoach and the workover rig were traveling eastbound through a construction zone on Interstate 10 at approximately 11:00 a.m.  Throughout the construction zone, and at all times relevant to this action, Interstate 10 was reduced to two lanes.  Vega, driving the workover rig, was in the right lane, and Harrell, operating the motorcoach, was traveling in the left lane.  Harrell's motorcoach was equipped with a dash camera.  The camera was recording at the time of the accident and was situated such that at least part of the workover rig is in view throughout the portion of the video relevant to this lawsuit.  Vega and the workover rig were accompanied by two escort vehicles—one in front of the workover rig and one behind.  The trailing escort vehicle was a pickup truck pulling a small box trailer.  The truck and trailer's hazard lights were flashing, and the workover rig itself had an "oversize load" banner affixed to the back.  The workover rig was "properly permitted" for its trip, was allowed to travel in construction zones, and did not require escort vehicles.  Moreover, the workover rig, the top speed of which was only about 55 miles per hour, was traveling below the posted speed limit of 65 miles per hour.

Prior to his departure on July 16, Vega was familiar with the route and was aware that he would have to travel through a construction zone on Interstate 10, where, at various points, the

---

[1] A workover rig is a mobile drilling rig that is ordinarily used to maintain and repair existing oil or gas wells.

interstate's lanes would narrow.  In addition, on the workover rig's left side, a driller stand[2] was protruding out from the rig.  Vega was aware of this; he even attached a small red flag to the driller stand, apparently in an effort to provide a warning.  The flag, however, was red—the same color as the workover rig.

As the vehicles were traveling through the construction zone, Harrell, who was driving a bit faster than Vega, planned to pass the workover rig while maintaining her position in the left lane.  As she approached the workover rig, the interstate's left shoulder, which separated the left lane from a concrete barrier, started to dissipate.  Near milepost 832, Harrell's motorcoach began to overtake the workover rig, and, at this point on Interstate 10, the left shoulder had narrowed significantly.  The two vehicles then collided, shattering one of the motorcoach's front-right windows.  On the other side of that window sat Armont and Brown, who were showered with glass.  It appears from the summary judgment evidence that it was the driller stand—which was scratched and slightly bent as a result of the collision—that made contact with the motorcoach's window.  A Texas Department of Public Safety trooper responded to the scene and produced a crash report.  The trooper viewed the motorcoach's dash-cam video but was unable to determine if either the motorcoach or workover rig veered from their respective lanes.

Plaintiffs suffered various injuries as a result of the collision and initiated this lawsuit on July 15, 2021.  In their complaint, Plaintiffs contend that both Vega and Harrell "operated their vehicles in a reckless, imprudent and improper manner so as to . . . violently collide with each other."  Plaintiffs assert negligence causes of action against Harrell and Vega, contend that Wynne Transportation and Ranger Energy are liable for their drivers' actions by way of respondeat

---

[2] The driller stand is part of the driller platform, which, when the workover rig is in use as a drilling rig, operates as a foldout floor for the drill operator.

superior, allege that both Wynne Transportation and Ranger Energy were directly negligent under various theories, and assert gross negligence causes of action against all four defendants.  Both the Ranger Defendants and Wynne Defendants dispute Plaintiffs' allegations and point the finger at each other.

In that vein, the Ranger Defendants move for summary judgment and assert that "[t]he summary judgment evidence shows that . . . Vega's vehicle consistently maintained its lane of traffic before, during, and after the subject collision" and "was traveling under the speed limit." As a result, the Ranger Defendants contend that "Vega did not cause the subject accident" and "[t]he fault lies squarely on . . . Harrell" because she "attempt[ed] to pass . . . Vega's vehicle in a construction zone" after the left shoulder had significantly narrowed.  Plaintiffs disagree, arguing that the Ranger Defendants' actions contributed to the collision.  Specifically, Plaintiffs assert that the Ranger Defendants created a foreseeable risk of harm by driving the "workover rig through a hazardous construction zone with a driller stand protruding into the left lane of travel" without properly warning the passing traffic.

## II.   Analysis

### A.   Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *Union Pac. R.R. Co. v. Palestine*, 41 F.4th 696, 703 (5th Cir. 2022), *cert. denied*, 143 S. Ct. 579 (2023); *United Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Anderson*, 9 F.4th 328, 331 (5th Cir. 2021).  The parties seeking summary judgment bear the initial burden

of informing the court of the basis for their motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which they believe demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022); *Goldring v. United States*, 15 F.4th 639, 644-45 (5th Cir. 2021).

"A fact issue is 'material' if its resolution could affect the outcome of the action." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015) (quoting *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007)), *cert. denied*, 578 U.S. 945 (2016); *see MDK Sociedad De Responsabilidad Limitada*, 25 F.4th at 368. "An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Gerhart v. Barnes*, 724 F. App'x 316, 321 (5th Cir. 2018) (quoting *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001)), *cert. denied*, 139 S. Ct. 1239 (2019). Thus, a genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016); *accord MDK Sociedad De Responsabilidad Limitada*, 25 F.4th at 368.

Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to demonstrate the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322 n.3; *see Beard v. Banks*, 548 U.S. 521, 529 (2006) (quoting FED. R. CIV. P. 56(e)); *MDK Sociedad De Responsabilidad Limitada*, 25 F.4th at 368. The court "should review the record as a whole." *Black v. Pan Am. Lab'ys, LLC*, 646 F.3d 254, 273 (5th Cir. 2011) (quoting *Reeves v.*

*Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)); *see Hacienda Recs., L.P. v. Ramos*, 718 F. App'x 223, 234 (5th Cir. 2018).  All the evidence must be construed in the light most favorable to the nonmoving party, and the court will not weigh the evidence or evaluate its credibility.  *Reeves*, 530 U.S. at 150; *Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 476 (5th Cir. 2022).

B.  <u>The Ranger Defendants' Initial Summary Judgment Burden</u>

For a movant to satisfy the initial summary judgment burden, the movant must either provide evidence to disprove conclusively the non-movant's claims or, instead, "point[ ] to evidence that is lacking in the record (evidence necessary to support a particular element or claim that the non-movant has failed to adduce)." *Shofner v. Shoukfeh*, No. 5:15-CV-152-C, 2017 WL 3842349, at *4 (N.D. Tex. Apr. 18, 2017).  At the outset, the Ranger Defendants satisfied their initial summary judgment burden with respect to the causation element of Plaintiffs' negligence claim against Vega.  The Ranger Defendants argue that, as a matter of law, Vega's claimed negligent actions were not a proximate cause of Plaintiffs' injuries.  It then follows that the Ranger Defendants also satisfied their initial summary judgment burden, on this same basis, with respect to Plaintiffs' negligence claims against Ranger Energy because Vega's negligence is a prerequisite to all Plaintiffs' other claims against the Ranger Defendants.  The Ranger Defendants' attempt to make a no-evidence motion as to all elements of Plaintiffs' negligence and gross negligence claims against both Vega and Ranger Energy presents a more difficult question.

In their motion, the Ranger Defendants also attempt to assert a "no-evidence" motion for summary judgment under Rule 56(e).  While the Federal Rules of Civil Procedure do not make a distinction between a "traditional" and "no-evidence" motion (as do the Texas Rules of Civil

Procedure), the United States Court of Appeals for the Fifth Circuit has clarified that "when the nonmovant has the burden of proof at trial, the moving party may make a proper summary judgment motion, thereby shifting the summary judgment burden to the nonmovant, with an allegation that the nonmovant has *failed to establish* an element essential to that party's case." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017) (emphasis added).  That said, although a no-evidence summary judgment motion is not expressly authorized, if properly pleaded under the Federal Rules of Civil Procedure, such a motion is sufficient to satisfy the initial summary judgment burden in federal court.  *Harmon v. Wal-Mart Stores Tex., LLC*, No. 6:19-CV-285-KNM, 2020 WL 6379236, at *2 (E.D. Tex. Sept. 29, 2020) (citing *Austin*, 864 F.3d at 335).

For a movant to satisfy the initial summary judgment burden, however, it is not enough for the moving party to state in a conclusory fashion that there is no evidence to support the nonmovant's *case*.  *Glover v. Walmart Stores Tex., LLC*, No. 9:19-CV-00058, 2020 WL 5745811, at *5 (E.D. Tex. Aug. 7, 2020) (citing *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993)); *see Austin*, 864 F.3d at 335 n.10.  On the other hand, a movant may satisfy the initial summary judgment burden by alleging "that there is no evidence to support a *specific element* of the nonmovant's claim."  *Austin*, 864 F.3d at 335 n.10 (citing *Celotex Corp.*, 477 U.S. at 322-23; *Slaughter v. Walmart, Inc.*, No. 4:21-CV-00649-SDJ-CAN, 2023 WL 2783262, at *3 (E.D. Tex. Apr. 4, 2023), *adopted by* No. 4:21-CV-649, 2023 WL 3060788 (E.D. Tex. Apr. 22, 2023).  While this burden may not be difficult to overcome, it is a meaningful barrier.

In their motion, the Ranger Defendants briefly contend that "Plaintiffs have failed to adduce summary judgment evidence to support each and every element of their asserted

negligence/negligence per se" and gross negligence causes of action.  The Ranger Defendants then list the elements of a general negligence and gross negligence claim.  They begin to specify their "no-evidence" contention only when claiming that "there is no evidence that Ranger Defendants breached any duty or proximately caused the subject accident" or "that Ranger Defendants' acts involved an extreme degree of risk or that they had actual, subjective awareness of the risk involved in the events leading up to the accident but nevertheless proceed[ed] in conscious indifference to the rights, safety, or welfare of others."  The Ranger Defendants thus do not address each of Plaintiffs' claims one at a time (much less one element at a time); rather, they attempt to cluster all the claims asserted against Ranger Energy with the claims asserted against Vega.

While the Ranger Defendants articulate the elements of the negligence claim asserted against Vega, "an individual," the Ranger Defendants do "not discuss the elements of negligent entrustment or the elements of negligent hiring, training, retention, and supervision," which apply to Plaintiffs' direct negligence claims against Ranger Energy.  *Duplessis v. Singh*, No. 2:21-CV-234-BR, 2023 WL 8791192, at *8 n.4 (N.D. Tex. Dec. 19, 2023).  In addition, they do not separately attack Plaintiffs' gross negligence claims.  The Ranger Defendants articulate the elements of a gross negligence claim that would apply to Vega, but do not separately discuss the standard that would be applied to a gross negligence claim against Ranger Energy.  *See, e.g.*, *THI of Tex. at Lubbock I, LLC v. Perea*, 329 S.W.3d 548, 581-83 (Tex. App.—Amarillo 2010, pet. denied).  In addition, the totality of the Ranger Defendants' cited support for their "no evidence" motion consists of stating that Plaintiffs' deposition testimony does not raise a fact question as to the accident's cause (because they are blind) and arguing that Harrell's prior deposition testimony

is not credible.  This evidence is focused solely on the immediate cause of the accident (which if either driver swerved) and, as a result, on Vega's conduct only, not Ranger Energy's actions.

Thus, the Ranger Defendants do "point out that there is no evidence to support a specific element" of Plaintiffs' negligence and gross negligence claims against Vega, namely the breach and causation elements of the negligence claim as well as both elements of the gross negligence claim.  Regarding Plaintiffs' negligence and gross negligence claims against Ranger Energy, however, the court finds that the Ranger Defendants' "no-evidence" motion failed to challenge any specific element of these claims.  *See Austin*, 864 F.3d at 335 n.10; *Glover*, 2020 WL 5745811, at *5; *see also Duplessis*, 2023 WL 8791192, at *8 & n.4 (declining "to comb the record to find support for [the movant's] assertions, when it fails to support those assertions in its Motion.").  As noted above, because the Ranger Defendants have properly challenged the causation component of the negligence claim against Vega, the Ranger Defendants have properly challenged Plaintiffs' other claims to the extent that Plaintiffs' other claims rely on Vega's conduct causing Plaintiffs' injuries.  The Ranger Defendants' attempt to assert a "no-evidence" motion as to each element of every claim asserted against the Ranger Defendants, however, only partially suffices.

C.    Plaintiffs' Negligence Claim Against Vega

Under Texas law, a negligence claim consists of four essential elements:  (1) a legal duty owed to the plaintiff by the defendant; (2) a breach of that duty; (3) an actual injury to the plaintiff; and (4) a showing that the breach was the proximate cause of the injury.  *Eckhardt v. Qualitest Pharm., Inc.*, 751 F.3d 674, 681 (5th Cir. 2014) (quoting *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006)); *see In re Oncor Delivery Co. LLC*, 630 S.W.3d 40, 43 (Tex.

2021).  In their motion, the Ranger Defendants zero in on the proximate cause element of the negligence claim asserted against Vega and contend that Vega, as a matter of law, did not cause the collision.

Proximate cause consists of two elements—cause in fact and foreseeability. *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 761 (5th Cir. 2019) (quoting *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Rsch. Corp.*, 299 S.W.3d 106, 122 (Tex. 2009)); *Villafranca v. United States*, 587 F.3d 257, 265 (5th Cir. 2009) (citing *IHS Cedars Treatment Ctr. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)).  "The cause-in-fact element is satisfied by proof that (1) the act was a substantial factor in bringing about the harm at issue, and (2) absent the act ("but-for" the act), the harm would not have occurred."  *HMC Hotel Properties II Ltd. P'ship v. Keystone-Tex. Prop. Holding Corp.*, 439 S.W.3d 910, 913 (Tex. 2014) (citing *Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 299 S.W.3d at 122); *accord Rogers v. Zanetti*, 518 S.W.3d 394, 402 (Tex. 2017); *Knight Oil Tools, Inc. v. Rippy Oil Co.*, No. 10-18-00284-CV, 2021 WL 5235149, at *2 (Tex. App.—Waco Nov. 10, 2021, pet. denied).  While the defendant's negligence must do "more than furnish a condition which makes the injuries possible," *Mason v. AMed-Health, Inc.*, 582 S.W.3d 773, 789-90 (Tex. App.—Houston [1st Dist.] 2019, pet. filed) (citing *IHS Cedars Treatment Ctr.*, 143 S.W.3d at 799), a plaintiff is not required to exclude all other possible causes; rather, "it is sufficient to prove that the greater probability is that the defendant's conduct, alone or in contribution with others, was the cause of the harm."  *First Assembly of God, Inc. v. Tex. Utilities Elec. Co.*, 52 S.W.3d 482, 493 (Tex. App.—Dallas 2001, no pet.); *see City of Austin v. Lopez ex rel. Lopez*, 632 S.W.3d 200, 221 (Tex. App.—Austin 2021, pet. denied).

"Foreseeability exists if the actor, as a person of ordinary intelligence, should have anticipated the dangers his negligent act creates for others." *Hulsey v. Attalla*, No. 01-18-00180-CV, 2019 WL 3484082, at *5 (Tex. App.—Houston [1st Dist.] Aug. 1, 2019, no pet.) (citing *D. Hous., Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002)); *see Austin*, 864 F.3d at 333; *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 149 (Tex. 2022) (quoting *Bos v. Smith*, 556 S.W.3d 293, 303 (Tex. 2018)).  It also requires that the injured party is "so situated with relation to the wrongful act that injury to him or to one similarly situated might reasonably have been foreseen." *City of Austin v. Anam*, 623 S.W.3d 15, 18 (Tex. App.—Austin 2020, no pet.) (quoting *Ryder Integrated Logistics, Inc. v. Fayette County*, 453 S.W.3d 922, 929 (Tex. 2015)). Foreseeability does not permit recollecting events and theorizing an extraordinary scenario where defendant's actions caused the injury.  *Bos*, 556 S.W.3d at 303; *Massage Heights Franchising, LLC v. Hagman*, 679 S.W.3d 298, 307 (Tex. App.—Houston [14th Dist.], no pet. h.) (citing *Read v. Scott Fetzer Co.*, 990 S.W.2d 732, 737 (Tex. 1998)).  Instead, the question "involves a practical inquiry based on common experience applied to human conduct." *Massage Heights Franchising, LLC*, 679 S.W.3d at 307 (citing *Read*, 990 S.W.2d at 737); *see Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992); *Anam*, 623 S.W.3d at 18.  Only the general danger, not the specific series of events that produced the harm, is required to establish foreseeability. *Forrest v. Vital Earth Res.*, 120 S.W.3d 480, 490 (Tex. App.—Texarkana 2003, pet. denied) (citing *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996)); *Green v. City of Friendswood*, 22 S.W.3d 588, 595 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

In some circumstances, "[e]ven if the injury would not have happened but for the defendant's conduct, the connection between the defendant and the plaintiff's injuries simply may

be too attenuated to constitute legal cause." *Bos*, 556 S.W.3d at 308 n.61 (quoting *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 477 (Tex. 1995)).  "[A] lack of proximate cause may be established as a matter of law if the evidence is without material dispute and the circumstances are such that reasonable minds could not arrive at a different conclusion." *Phillips v. Tex. Dep't of Crim. Just.*, 366 S.W.3d 312, 316 (Tex. App.—El Paso 2012, no pet.). Nevertheless, to be a proximate cause of a plaintiff's injuries, a defendant's action "need not be the last cause, or the act immediately preceding an injury." *J. Wigglesworth Co. v. Peeples*, 985 S.W.2d 659, 663 (Tex. App.—Fort Worth 1999, pet. denied) (citing *Tex. Power & Light Co. v. Stone*, 84 S.W.2d 738, 740 (Tex. App.—Eastland 1935, writ ref'd)); *see Evanston Ins. Co. v. Mid-Continent Cas. Co.*, 909 F.3d 143, 151 (5th Cir. 2018).  Indeed, "there may be more than one proximate cause of an accident." *PHI, Inc. v. Tex. Juv. Just. Dep't*, 593 S.W.3d 296, 303 (Tex. 2019); *J. Wigglesworth Co.*, 985 S.W.2d at 663; *see Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991).

In their motion, the Ranger Defendants maintain that, because Vega's vehicle remained within its lane and was traveling under the speed limit, his actions did not cause the accident.[3]  In

---

[3] The Ranger Defendants, throughout their filings, point to the motorcoach's dash-cam video and assert that the video shows that "Vega continuously maintained his lane throughout the time leading up to the collision, through the collision itself, and after the collision."  In their mind, the video is conclusive. "[A]lthough courts view evidence in the light most favorable to the nonmoving party, they give greater weight, even at the summary judgment stage to the facts evidenced from video recordings taken at the scene." *Griggs v. Brewer*, 841 F.3d 308, 312 (5th Cir. 2016) (citing *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011)); *accord Valderas v. Lubbock*, 937 F.3d 384, 388 (5th Cir.), *cert. denied*, 140 S. Ct. 454 (2019).  "When opposing parties tell two different stories, one of which is blatantly contradicted by [video evidence], so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Valderas*, 937 F.3d at 388-89 (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).  While the dash-cam video seems to support the Ranger Defendants' assertion that Vega maintained his lane (even though the responding trooper found the video to be inconclusive), this does not negate Plaintiffs' other theories of liability.  The video, in fact, supports Plaintiffs' contention that the driller stand was inadequately marked—the video shows that the flag is relatively small, poorly positioned, and the same color as the workover rig.  Moreover, in responding

12

the Ranger Defendants' view, "[t]he fault lies squarely on . . . Harrell for attempting to pass . . . Vega's vehicle in a construction zone at a point where the left shoulder [had] narrowed." Stated plainly, the Ranger Defendants contend that, because Vega did not swerve, his actions cannot be a proximate cause of the accident.  In fact, the Ranger Defendants argue that Harrell's conduct was the sole proximate cause of the crash.[4]

Plaintiffs, in response, aver that, irrespective of Vega's conduct moments before the accident, there is ample evidence of causation on his part.  Specifically, Plaintiffs contend that the "Ranger Defendants created a foreseeable risk of harm by operating a workover rig through a hazardous construction zone with a driller stand protruding into the left lane of travel, despite prior knowledge of . . . both the hazardous construction zone and the driller stand protruding [from] the rig."  Plaintiffs point to various portions of the summary judgment record to support

---

to the motion for summary judgment, Plaintiffs do not rely on a theory of proximate cause that involves the workover rig swerving out of its lane, but they argue that the driller stand was protruding into the other lane as well as other theories.  In addition, the collision itself is not captured on the video, as the point of contact of the vehicles is out of the camera's view.  As such, the video does not explicitly refute Plaintiffs' theories of liability, as the Ranger Defendants contend.

[4] When arguing that Harrell was the "sole proximate cause" of the accident, the Ranger Defendants attempt to invoke the inferential-rebuttal defense of sole proximate cause.  The defense of sole proximate cause, in its inferential-rebuttal-defense form, is an issue that is submitted to the jury as an instruction (as opposed to a question) in the jury charge's definition of proximate cause—if supported by the pleadings and evidence at trial.  *See Perez v. DNT Glob. Star, L.L.C.*, 339 S.W.3d 692, 699 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Fitzsimmons v. Brake Check, Inc.*, 832 S.W.2d 446, 448 (Tex. App.—Houston [14th Dist.] 1992, no writ).  "'[S]ole proximate cause' is defined as follows:  'There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the "sole proximate cause" of an occurrence, then no act or omission of any party could have been a proximate cause.'"  *Perez*, 339 S.W.3d at 699.  Moreover, the instruction should ordinarily be submitted to the jury when "there is evidence that a person's conduct that is not submitted to the jury is the sole proximate cause of the occurrence."  *Id*. (citing *Herrera v. Balmorhea Feeders, Inc.*, 539 S.W.2d 84, 86 (Tex. App.—El Paso 1976, writ ref'd n.r.e.)).  Here, the Ranger Defendants contend that a different party to this action, Harrell, was the cause of the accident, not a nonparty.  Consequently, at this stage, it appears that the Ranger Defendants, in urging that Harrell's conduct was the sole proximate cause of the accident, seek only to challenge the causation element of Plaintiffs' negligence claim, rather than assert the inferential rebuttal defense.  *See Montes v. Pendergrass*, 61 S.W.3d 505, 508 (Tex. App.—San Antonio 2001, no pet.).

this proposition.  For example, in his deposition, Vega confirmed that he knew that his route would require passing through a construction zone, (#74, Ex. 2, 85-87), and he agreed that a construction zone posed a potential hazard.  *Id*.  More significantly, Vega agreed that, before departing on the day of the accident, he was aware that the driller stand was protruding from the workover rig's side.  *Id*. at 55-56.  Vega also admitted that it was because of this protrusion that he tied a red flag to the driller stand and he conceded that whether to place a warning flag on the rig was left to the driver's discretion.  *Id*.  Pointing to the above evidence, Plaintiffs contend that Vega "failed to properly warn passing traffic of the protruding driller stand" because the warning was "inconspicuous."  Moreover, Plaintiffs argue that Vega failed to act reasonably by traveling through a construction zone with such a large load while knowing that the construction zone posed a potential hazard and that a "safer route" existed—*i.e.*, "Highway 90."[5]

The Ranger Defendants make no attempt to controvert Plaintiffs' assertions.  Instead, they declare that none of these facts move the needle because, in their view, none of these acts "actually caused the subject accident."  On that note, the Ranger Defendants urge the court not to be distracted by these other theories of liability.  The Ranger Defendants assert that Plaintiffs' arguments regarding a safer alternative route and an improper warning are only "red herrings" and the only relevant question in this case is which party left their lane of traffic.  They argue that there is no evidence to show that Vega left his lane of traffic, and "if he did not leave his lane of

---

[5] Aside from the reference to breach in the no-evidence portion of the Ranger Defendants' motion, there is no reference or argument regarding the breach element of the negligence claim asserted against Vega.  Nonetheless, for the same reasons discussed above, the court finds that, to the extent the Ranger Defendants contest it, Plaintiffs have raised a genuine issue of material fact with respect to the element of breach.  Plaintiffs assert, among other theories, that Vega had a duty to observe, in a careful and intelligent manner, the "speed and proximity of other vehicles as well as rules of the road and common experience." *Carney v. Roberts Inv. Co., Inc.*, 837 S.W.2d 206, 210 (Tex. App.—Tyler 1992, writ denied).  The evidence cited above undoubtedly raises a fact question regarding whether Vega breached such a duty.

traffic and strike the bus . . . he is not a legal cause of the subject accident."   The Ranger Defendants' assertion, however, as an initial matter, falls short and is belied by the summary judgment record.

"The test for cause in fact, or 'but for cause,' is whether the act or omission was a substantial factor in causing the injury 'without which the harm would not have occurred.'"   *Excel Corp. v. Apodaca*, 81 S.W.3d 817, 820 (Tex. 2002) (quoting *Doe*, 907 S.W.2d at 477). According to Plaintiffs' theories of negligence, it is clear from the summary judgment record that both Vega's decision to travel Interstate 10, a potential hazard, and his decision to use a red flag, as opposed to some other more conspicuous warning, were but-for causes of Plaintiffs' injuries. Had Vega avoided the construction zone, as Plaintiffs suggest he should have, the record supports the notion that the accident would not have occurred.   *See, e.g.*, *Walker v. Benton Cnty.*, No. 3:20CV163-MPM-RP, 2023 WL 3993042, at *1 (N.D. Miss. June 14, 2023) (finding, among other things, "that defendants acted negligently in failing to take an alternate route to the destination").   Moreover, had Vega substituted the red flag with a more visible warning, it can be inferred from the summary judgment record that the accident would not have occurred.   On this point, Plaintiffs cite Harrell's deposition from a previous lawsuit that arose from the same incident.[6]   In her prior deposition, Harrell stated that she did not see a flag on the workover rig indicating that a part of the rig was extending into her lane.   (#74, Ex. 5, 35-36).   Significantly,

---

[6] The Ranger Defendants do not object to the court's consideration of Harrell's testimony; rather, they contend that the court should disregard Harrell's deposition testimony because it "is not credible." Credibility determinations, however, "'have no place in summary judgment proceedings' because 'non-movants' summary judgment evidence must be taken as true,'" and "[a]ll facts and inferences must be viewed in the light most favorable to the non-movant." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 227 (5th Cir. 2018) (quoting *Richardson v. Oldham*, 12 F.3d 1373, 1379 (5th Cir. 1994); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 770 (5th Cir. 2000)), *cert. denied*, 140 S. Ct. 121 (2019).   As such, the court will consider Harrell's testimony accordingly.

Harrell stated that, had she seen a flag or other warning, she would not have attempted to pass the workover rig.  *Id.*

To the extent that the Ranger Defendants also take issue with the proximate cause element's foreseeability component, such an argument is unavailing.  There is sufficient evidence before the court to conclude that the accident and injuries were a foreseeable result of Vega's purported negligent acts.  Indeed, Vega's own deposition testimony clarifies that he foresaw the prospect of an accident—this is why he initially tied a red flag to the driller stand.  Further, he acknowledged that a construction zone presents a potential hazard.  Thus, the danger in this case was foreseeable.  Contrary to the Ranger Defendants' view, even if Harrell acted negligently while driving down Interstate 10, the mere existence of negligence on her part does not absolve the Ranger Defendants of any responsibility for their own negligent conduct.  Certainly, the negligence of one actor does not ordinarily excuse the negligent conduct of another.  *Wilson v. Brister*, 982 S.W.2d 42, 44 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (citing *Brookshire Bros., Inc. v. Lewis*, 911 S.W.2d 791, 793 (Tex. App.—Tyler 1995, writ denied)).[7]  Thus, a genuine issue of material fact exists regarding the proximate cause element of Plaintiffs' negligence claim against Vega.

---

[7] Although far from explicit, the Ranger Defendants' motion hints at an attempt to argue that Harrell's alleged negligent conduct (swerving) was a new and independent cause.  (#73, 19-20).  "[A] component of the proximate cause issue," a new and independent cause "is the act or omission of a separate and independent agent, not reasonably foreseeable, that destroys the causal connection, if any, between the act or omission inquired about and the occurrence in question."  *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 856 (Tex. 2009).  "A new and independent cause alters the natural sequence of events, produces results that would not otherwise have occurred, is an act or omission not brought into operation by the original wrongful act of the defendant, and operates entirely independently of the defendant's allegedly negligent act or omission."  *Id.* at 857.  If, however, the act or omission was "reasonably foreseeable at the time of the defendant's alleged negligence, the new act or omission is a concurring cause as opposed to a superseding or new and independent cause."  *Id.* (citing *Dew v. Crown Derrick Erectors, Inc.*, 208 S.W.3d 448, 451 (Tex. 2006)).  Viewed from any angle, Harrell's alleged negligence in this case was reasonably foreseeable at the time Vega chose his route and tied the red warning flag to the rig.  To be sure, the possibility that a vehicle would swerve while driving along Interstate 10 with intermittently narrowing and widening lanes and shoulders is not unforeseeable.

D.      Plaintiffs' Negligence Claims Against Ranger Energy

Plaintiffs, in their complaint, also contend that Ranger Energy is "liable for the negligent acts of . . . Vega through the doctrine[ ] of respondeat superior" and assert a negligence cause of action against Ranger Energy for, *inter alia*, negligent entrustment, hiring, training, and supervision.  In line with their causation argument above, the Ranger Defendants argue that, because "the lynchpin of the doctrine of respondeat superior and [the] negligent hiring, training, and supervision claims is that a tortious or negligent act must have been committed by the employee," Ranger Energy cannot be liable under any of these theories.

Surely, for Ranger Energy to be liable under one of Plaintiffs' asserted theories, Vega must have engaged in misconduct of some sort.  *See Knight v. City Sts., L.L.C.*, 167 S.W.3d 580, 583 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *see also Patino v. Complete Tire, Inc.*, 158 S.W.3d 655, 660 (Tex. App.—Dallas 2005, pet. denied).  The Ranger Defendants' arguments on this ground, however, fail for the same reasons set out above.  That is, because a genuine dispute of material fact exists regarding whether Vega engaged in misconduct of some type, the Ranger Defendants have not conclusively negated Plaintiffs' respondeat superior and direct negligence claims.[8]

---

[8] To the extent that the Ranger Defendants attempt to challenge Plaintiffs' direct negligence claims against Ranger Energy in a manner other than by way of the causation component of the negligence claim asserted against Vega or through a no-evidence assertion, the Ranger Defendants have wholly failed to satisfy their summary judgment burden.  The Ranger Defendants' initial burden in this regard required them to inform the court of the basis for their motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which they believe would have demonstrated the absence of a genuine issue of material fact.  *See Celotex Corp.*, 477 U.S. at 323.

E.      Plaintiffs' Gross Negligence Claims

In their complaint, Plaintiffs further contend that Vega's negligence was so great as to "constitute gross negligence."  Gross negligence is statutorily defined in Texas as an act or omission:

> (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
>
> (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

TEX. CIV. PRAC. & REM. CODE § 41.001(11); *see Tarrant County v. Bonner*, 574 S.W.3d 893, 902 (Tex. 2019); *Boerjan v. Rodriguez*, 436 S.W.3d 307, 311 (Tex. 2014).  The test for gross negligence contains both objective and subjective prongs.  *Boerjan*, 436 S.W.3d at 311; *accord King v. Cardinal Servs., LLC*, No. 2:19-CV-00217-RSP, 2021 WL 1379160, at *2 (E.D. Tex. Apr. 11, 2021); *Martinez v. Kwas*, 606 S.W.3d 446, 463 (Tex. App.—Houston [1st Dist.] 2020, pet. denied).  Under the objective prong, the "extreme degree of risk," requires more than "a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff."  *Boerjan*, 436 S.W.3d at 311; *accord King*, 2021 WL 1379160, at *2; *Martinez*, 606 S.W.3d at 463.  Subjectively, the defendant must have "actual awareness" of the risk involved, meaning that "the defendant knew about the peril, but its acts or omissions demonstrated that it did not care."  *Boerjan*, 436 S.W.3d at 311 (citing *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998)); *see King*, 2021 WL 1379160, at *2; *Suarez*, 465 S.W.3d at 634; *Martinez*, 606 S.W.3d at 463.  A plaintiff's burden is high:  "[e]vidence of simple negligence is not enough to prove either the objective or subjective elements of gross negligence."

18

*Forester v. El Paso Elec. Co.*, 329 S.W.3d 832, 837 (Tex. App.—El Paso 2010, no pet.) (citing *Universal Servs. Co. v. Ung*, 904 S.W.2d 638, 641 (Tex. 1995)).

The Ranger Defendants assert, with respect to Plaintiffs' gross negligence claim, that summary judgment is appropriate because there is no evidence that Vega's "acts involved an extreme degree of risk or that [he] had actual, subjective awareness of the risk involved in the events leading up to the accident but nevertheless proceed[ed] in conscious indifference to the rights, safety, or welfare of others."[9]  To support their motion, the Ranger Defendants point to Armont's and Brown's depositions, contending that, because they are blind, they "cannot testify as to which vehicle caused the accident."  While true, this argument is unconvincing.[10]  In response, Plaintiffs contend that the "Ranger Defendants knew of the hazard—a construction zone with narrow lanes—prior to the trip yet made the conscious decision to . . . proceed into the hazard with an oversized load [and] a driller stand protruding into the left lane of travel"—all with Vega having received "no training to operate an oversized load" from Ranger Energy.  In Plaintiffs' estimation, these "clear and obvious safety failures" "transform[ ]" Vega's conduct into something more than mere negligence.

As "Texas courts have repeatedly made clear," whether driving a car or truck, conduct that would support a finding of ordinary negligence, "such as a party's failure to obey traffic laws, will not support a finding of gross negligence." *Phillips v. Super Servs. Holdings, LLC*, 189 F. Supp.

_____

[9] The Ranger Defendants also argue, as they have for all Plaintiffs' other claims, that their causation argument too forecloses Plaintiffs' gross negligence claims.  For the same reasons discussed above, however, this argument must be rejected.

[10] In addition, the Ranger Defendants again attempt to argue that the court should not consider Harrell's testimony because it is not credible; but, for the reasons discussed above, the court is not required to discount Harrell's testimony, nor should it.

3d 640, 656 (S.D. Tex. 2016) (collecting cases).  Courts have commonly determined that conduct such as operating a vehicle at an excessive rate of speed or consciously failing to stop at a stop sign is not, standing alone, enough to constitute gross negligence.  *See Rogers v. Blake*, 240 S.W.2d 1001, 1004 (Tex. 1951); *McCarty v. Moss*, 225 S.W.2d 883, 886 (Tex. App.—Austin 1949, writ ref'd); *see also Gallagher v. Lucas*, No. SA-20-CV-00072-FB, 2020 WL 7385844, at *4 (W.D. Tex. Dec. 16, 2020), *adopted by* No. CV SA-20-CA-72-FB, 2021 WL 1123643 (W.D. Tex. Jan. 12, 2021); *Phillips*, 189 F. Supp. 3d at 656.  A driver's conduct must instead "be considerably more extreme," that is, "often involving multiple conscious acts or omissions." *Duplessis*, 2023 WL 8791192, at *2 (quoting *Phillips*, 189 F. Supp. 3d at 656).  For example, running a stop sign due to a combination of approaching an intersection at a speed of between 56 and 58 miles per hour and "intentionally failing to observe the roadway for a period of perhaps 14 to 20 seconds" is enough to raise a fact question as to gross negligence.  *Perez Librado v. M.S. Carriers, Inc.*, No. CIV.A.3:02-CV-2095-D, 2004 WL 1490304, at *3 (N.D. Tex. June 30, 2004); *see Fernandez v. Transp. Designs, Inc.*, No. SA-16-CA-022-OLG, 2017 WL 1294556, at *4 (W.D. Tex. Feb. 28, 2017) (denying the defendant's motion for summary judgment on the issue of gross negligence where the plaintiffs offered evidence that the defendant "did not maintain a proper look out prior to the accident," failed to apply his brakes to avoid the collision, and "did not maintain an appropriate distance").

In this case, Plaintiffs have offered evidence that Vega decided to proceed on Interstate 10 while a portion of the interstate was under construction, although he knew that a construction zone with narrow lanes was a potential hazard when driving a workover rig.  (#74, Ex. 2, 85-87).  Plaintiffs' evidence also indicates that Vega decided to travel with the driller stand protruding out

from the workover rig's side.  *Id*. at 55-56.  Vega admitted that he was aware of the driller stand's protrusion and that it was his decision to attach a flag to the stand—a flag that Plaintiffs contend was an inadequate warning because it was the same color as the rig.  *Id*.  Plaintiffs also point out that, according to Vega's deposition, he had not received training from Ranger Energy to prepare him for driving oversize loads.  *Id*. at 22-25.  Further, Plaintiffs present some evidence that the workover rig was accompanied by inadequate escort vehicles.  (#74, Ex. 5, 84).  Thus, viewed objectively, the conduct at issue here goes far beyond a driver's failure to comply with traffic laws; rather, Plaintiffs have presented evidence that Vega committed multiple conscious acts or omissions which, taken together, are "considerably more extreme" than mere negligent conduct.  *See Fernandez*, 2017 WL 1294556, at *4.  There is also sufficient evidence that would allow a jury to conclude that Vega had subjective, actual awareness of the risks, but was nonetheless consciously indifferent as to those risks.  As a result, genuine issues of material fact exist as to the issue of gross negligence.

III.    Conclusion

In accordance with the foregoing analysis, the Ranger Defendants' Motion for Summary Judgment (#73) is DENIED.  Genuine issues of material fact exist, and Plaintiffs may proceed to trial on their negligence and gross negligence claims against the Ranger Defendants.

SIGNED at Beaumont, Texas, this 5th day of February, 2024.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE